UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
                                                  :
HOSPITALITY INVESTORS TRUST, INC.,                :
                                                  :
                    Plaintiff,     :
                                                  :    Civil Action No. 22-cv-8781
         -against-                     :
                                                  :    **NOTICE OF REMOVAL**
ALLIED WORLD ASSURANCE COMPANY (U.S.),            :
INC; ARCH SPECIALTY INSURANCE COMPANY;            :
ENDURANCE AMERICAN SPECIALTY                      :
INSURANCE COMPANY; INTERSTATE FIRE &              :    Removed from the Supreme Court of the
CASUALTY COMPANY; STARR SURPLUS LINES             :    State of New York, New York County,
INSURANCE COMPANY; WESTPORT INSURANCE             :    Index No. 656885/2022
CORPORATION; and ZURICH AMERICAN                  :
INSURANCE COMPANY,                                :
                                                  :
                    Defendant.     :
------------------------------------------------- x

       PLEASE TAKE NOTICE that Defendant Interstate Fire & Casualty Company ("Interstate"), by and through their undersigned counsel, hereby removes the above-entitled state court action captioned *Hospitality Investors Trust, Inc. v. Allied World Assurance Company (U.S.), Inc., et al.*, Index No. 656885/2022, filed in the Supreme Court of New York, New York County ("State Court Action") to the United States District Court for the Southern District of New York. Removal is based upon 28 U.S.C. §§ 1332, 1441, and 1446. In filing this Notice of Removal, Interstate does not waive, and expressly reserves, any and all rights, claims, and defenses it may have.

       This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332. In support of this Notice of Removal, Interstate states as follows:

**REMOVED CASE**

1.  Plaintiff Hospitality Investors Trust, Inc. ("HIT") commenced this action on or about June 21, 2022, by filing a Summons and Complaint in the Supreme Court of the State of New York, New York County, under Index No. 656885/2022. A copy of all pleadings, processes, and orders in the state court are attached as **Exhibit A**.

2.  In their Summons and Complaint, HIT seeks money damages for financial loss arising out of the COVID-19 pandemic under first-party commercial property insurance contracts issued by defendants Allied World Assurance Company (U.S.), Inc., Arch Specialty Insurance Company, Endurance American Specialty Insurance Company, Interstate Fire & Casualty Company, Starr Surplus Lines Insurance Company, Westport Insurance Corporation, and Zurich American Insurance Company (collectively "Defendant Insurers"). *See* Ex. A, Complaint ¶¶ 1-33. Interstate denies Plaintiff's allegations.

3.  Interstate has not yet been properly joined or served in this action.

4.  On information and belief, the other remaining Defendant Insurers have also not been properly joined or served in this action, and therefore need not consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

5.  The Supreme Court for the State of New York, County of New York is located within the Southern District of New York. 28 U.S.C. § 112(b). Therefore, this Court is the proper venue for removal of this action pursuant to 28 U.S.C. § 1441(a) because this is the district and division where the State Court Action was pending.

**REMOVAL IS TIMELY**

6.  A defendant has thirty days from service of the first pleading setting forth a removable claim to file a notice of removal in Federal District Court. *See* 28 U.S.C. § 1446(b)(1).

7. Plaintiff commenced this action by filing a Summons and Complaint in the Supreme Court of the State of New York, New York County, under Index No. 656885/2022, on June 21, 2022.

8. Interstate has not been served with the Summons and Complaint.

9. This Notice of Removal is filed before Interstate has been served with the Summons and Complaint, therefore it is timely filed. *See* U.S.C. § 1446(b)(1).

## PAPERS FROM REMOVED ACTION

10. In accordance with 28 U.S.C. § 1446(a), Interstate attaches true and correct copies of all process, pleadings, and orders served in the State Court Action as of the date of this Notice of Removal. No orders have been served in the State Court Action. These documents are attached as **Exhibit A**. A copy of the docket for Index. No. 656885/2022 as of October 14, 2022 is attached as **Exhibit B**.

## GROUNDS FOR REMOVAL JURIDICTION AND VENUE

11. The State Court Action is removable, and this court has original jurisdiction because there is complete federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and § 1441.

12. Pursuant to 28 U.S.C. § 1446(a), removal is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction …." This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

I. **THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES IN THIS ACTION.**

13. At the time Plaintiff commenced this civil action, and all times since, Plaintiff was and is a corporation incorporated and existing under the laws of the State of Maryland. Complaint, Ex. A, Complaint ¶ 38.

14. While HIT identifies itself as a "real estate investment trust" in the Complaint, *see id.*, it is not a trust. HIT is a corporation.

15. Plaintiff's name is "Hospitality Investors Trust*, Inc.*" *See* Complaint (emphasis added.)

16. The Maryland Department of Assessments and Taxation Business Express website confirms that HIT is a corporation. The status for HIT is "incorporated" and the business type is "corporation." **Ex. C.**

17. The most recent filing with the Maryland Business Express is HIT's July 1, 2021 Articles Supplementary, where HIT certifies the filing is made by: "Hospitality Investors Trust, Inc., a Maryland corporation." **Ex. D.**

18. HIT's most recent Articles of Amendment and Restatement filed with the Maryland Business Express are dated June 30, 2021. **Ex. E.** The Articles of Amendment and Restatement state that the "name of the corporation" is "Hospitality Investors Trust, Inc." and that the "purpose for which the Corporation is formed are to engage in any lawful business, act or other activity (including, without limitation or obligation, engaging in business as a real estate investment trust (a 'REIT') under Sections 856 to 860 of the Internal Revenue Code of 1986, … for which a corporation may be organized under the Maryland General Corporation Law …." *Id.*

19. The Articles of Amendment and Restatement also reference HIT's common stock, preferred stock, and stockholders. *Id.*

20. Thus, HIT is a Maryland corporation and not a trust, whose citizenship for purposes of federal diversity jurisdiction is determined by its place of incorporation and its principal place of business. *See* 28 U.S.C. §1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, …"); *Castillejo v. BJ's Wholesale Club, Inc.*, No. 16-CV-6973 (VSB), 2017 WL 1929561, at *2 (S.D.N.Y. May 9, 2017) ("A corporation is deemed the citizen of its state of incorporation as well as of the state in which it has its principal place of business.").

21. At the time Plaintiff commenced this civil action, and at all times since, HIT was and is incorporated and existing under the laws of Maryland. Ex. A, Complaint ¶ 38. Therefore, it is a citizen of Maryland for purposes of complete diversity.

22. Upon information and belief, Plaintiff has its principal place of business in Fairfax, Virginia.

23. A party's principal place of business is analyzed at the time suit is filed. *See Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced.").

24. Under *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010), a party's principal place of business is the "nerve center" where the "corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93. The principal place of business is "not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93.

25. According to HIT's public website, HIT's President and CFO is Bruce Riggins.[1]

26. Mr. Riggin's public LinkedIn profile states that he is the President and Chief Financial Officer for HIT in Fairfax, Virginia and is in the "Washington DC-Baltimore Area." **Ex. F.**

27. According to HIT's public website, HIT's Chief Operating Officer is Mark Fowler.[2]

28. Mr. Fowler's public LinkedIn profile states that he is the Chief Operating Officer for HIT in Fairfax, Virginia and is in the "Haymarket, Virginia" area. **Ex. G.**

29. According to HIT's public website, HIT's Chief Accounting Officer is Aaron Deyerle.[3]

30. Mr. Deyerle's public LinkedIn profile states that he is the Chief Accounting Officer for HIT in Fairfax, Virginia and is in the "Fairfax County, Virginia" area. **Ex. H.**

31. According to HIT's public website, HIT's General Counsel and Secretary is Tara Keating Brooks.[4]

32. Ms. Keating Brook's public LinkedIn profile does not identify her location. **Ex. I.**

33. HIT's public website does not identify any other officers of HIT.

34. On May 11, 2021, a Securities and Exchange Commission filing entitled "Form of Restructuring Amendment to Crestline Management Agreement" identifies HIT's address at 11325 Random Hills Road, Suite 360, Fairfax, Virginia. **Ex. J.** The SEC filing also contains a

---

[1] http://www.hitreit.com/management.html.

[2] http://www.hitreit.com/management.html.

[3] http://www.hitreit.com/management.html.

[4] http://www.hitreit.com/management.html.

"notices" section which requires notices to be sent to Mr. Riggins and Mr. Fowler at the 11325 Random Hills Road, Suite 360, Fairfax, Virginia address. *Id.*

35. HIT's public website contains a "Privacy Policy"[5] which states:

**Contact Us**

If you would like to contact us about this privacy notice or any data privacy or confidentiality issues, below is our contact information:

Hopsitality Investors Trust, Inc.
3950 University Drive
Suite 301
Fairfax, VA 22030

36. HIT alleges in its complaint that "[f]or the relevant time period, HIT *had a* principal place of business" in New York. Ex. A, Complaint ¶ 38 (emphasis added.) This allegation is in the past tense. Thus, HIT concedes that New York is no longer its principal place of business when it then alleges that it "still has an office at the same address." *Id.*

37. Under *Hertz*, there can only be one principal place of business. *Hertz Corp. v. Friend*, 559 U.S. at 93 ("A corporation's 'nerve center' … is a single place. … And it is a place within a State.").

38. The principal place of business is also not determined during the period of the events at issue in the action. *See Universal Licensing Corp.*, 293 F.3d at 581. Rather, it is determined at the time suit is filed. *Id.*

39. HIT concedes that it no longer had its principal place of business in New York on June 21, 2022, when the State Court Action was filed. Ex. A, Complaint ¶ 38.

---

[5] http://www.hitreit.com/privacy-policy.html.

40. HIT's principal place of business is in Fairfax, Virginia. Therefore, it is also a citizen of Virginia for purposes of complete diversity.

41. Defendant Interstate is a corporation incorporated under the laws of Illinois, with its principal place of business in Illinois. Ex. A, Complaint ¶ 42. Therefore, Interstate is a citizen of Illinois for purposes of complete diversity.

42. Upon information and belief, Defendant Insurer Allied World Assurance Company (U.S.), Inc. ("AWAC") is a corporation incorporated under the laws of Delaware with its principal place of business in Massachusetts. *Id.* ¶ 39. Therefore, AWAC is a citizen of Delaware and Massachusetts for purposes of complete diversity.

43. Upon information and belief, Defendant Insurer Arch Specialty Insurance Company ("Arch") is a corporation incorporated under the laws of Missouri, with its principal place of business in New Jersey. *Id.* ¶ 40. Therefore, Arch is a citizen of Missouri and New Jersey for purposes of complete diversity.

44. Upon information and belief, Defendant Insurer Endurance American Specialty Insurance Company ("Endurance") is a corporation incorporated under the laws of Delaware, with its principal place of business in New York. *Id.* ¶ 41. Therefore, Endurance is a citizen of Delaware and New York for purposes of complete diversity.

45. Upon information and belief, Defendant Insurer Starr Surplus Lines Insurance Company ("Starr") is a corporation incorporated under the laws of Texas, with a principal place of business in New York. *Id.* ¶ 43 (the Complaint erroneously identifies Starr as a New York company with a principal place of business in Texas.) Therefore, Starr is a citizen of Texas and New York for purposes of complete diversity.

46.     Upon information and belief, Defendant Insurer Westport Insurance Corporation ("Westport") is a corporation incorporated under the laws of Missouri, with its principal place of business in New York. *Id.* ¶ 41 (the Complaint erroneously identifies Westport as a Missouri company with a principal place of business in Missouri.) Therefore, Westport is a citizen of Missouri and New York for purposes of complete diversity.

47.     Upon information and belief, Defendant Insurer Zurich American Insurance Company ("Zurich") is a corporation incorporated under the laws of New York, with its principal place of business in Illinois. *Id.* ¶ 45 (the Complaint erroneously identifies Zurich as an Illinois corporation.) Therefore, Zurich is a citizen of New York and Illinois for purposes of complete diversity.

48.     The Plaintiff is a citizen of Maryland and Virginia for purposes of complete diversity.

49.     The Defendant Insurers are citizens of Illinois, Delaware, Massachusetts, Missouri, New Jersey, New York, and Texas for purposes of complete diversity.

50.     Accordingly, this action involves "citizens of different States" and there is complete diversity of citizenship between Plaintiff and Defendant Insurers in this action. *See* 28 U.S.C. § 1332(a)(2).

II.     **THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.**

51.     The amount-in-controversy requirement is satisfied in this case because it is clear from the face of Plaintiff's Summons and Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

52.     A removing defendant need only show "a *'reasonable probability'* that the claim is in excess of the statutory jurisdictional amount" of $75,000. *United Food & Comm'l Workers*

*Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 2982, 304-05 (2d Cir. 2004) (emphasis added.)

53. In determining the amount in controversy, a district court should first review the plaintiff's allegations. See *Wood v. Maguire Auto., LLC*, 508 F. App'x 65 (2d Cir. 2013) ("Pleading that the amount in controversy exceeds $75,000 creates 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'") (citation omitted.)

54. Here, Plaintiff seeks monetary damages for financial losses allegedly covered under a $150 million first-party commercial property insurance program.

55. HIT alleges that the insurance program provides coverage for "Time Element" up to $150,000,000. Ex. A, Complaint ¶ 58.

56. HIT alleges that the insurance program provides coverage for "Communicable Disease Response" and "Interruption by Communicable Disease" up to $4,000,000. *Id.* ¶ 60.

57. HIT alleges that the insurance program provides coverage for "Civil or Military Authority" up to $100,000,000. *Id.* ¶ 65.

58. HIT alleges that the insurance program provides coverage for "Cancellation of Bookings Exclusion With Exception for Direct Physical Loss or Damage" up to $150,000,000. *Id.* ¶ 66.

59. HIT alleges that the insurance program provides coverage for "Extra Expense" up to $15,000,000. *Id.* ¶ 67.

60. HIT alleges that the insurance program provides coverage for "Ingress/Egress" up to $100,000,000. *Id.* ¶ 68.

61. HIT alleges that the insurance program provides coverage for "Attraction Property" up to $5,000,000 for certain excess policies and $1,000,000 for certain primary policies. *Id.* ¶ 69.

62. HIT alleges that the insurance program provides coverage for "Contingent Time Element Extended" up to $25,000,000. *Id.* ¶ 70.

63. Plaintiff alleges damages in the amount of $5,000,000. Ex. A, Complaint at ¶ 73). Accordingly, the amount in controversy exceeds the statutory requirement of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(2).

64. HIT alleges that the "Communicable Disease Coverage" for up to $4,000,000 "has been triggered." *Id.* ¶ 93.

65. HIT alleges that the "Civil or Military Authority," "Cancellation of Bookings," "Extra Expense," "Ingress/Egress," "Attraction Property," and "Contingent Time Element" coverages have been triggered. *Id.* ¶¶ 94-99.

66. HIT alleges that its business interruption losses are, at a minimum, $53,980,000. *Id.* ¶ 115.

67. HIT also seeks compensatory and consequential damages, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs. *Id.* ¶ 155.

68. Defendant Insurer Interstate has a 10% share of the $25 million primary layer of insurance.

69. Upon information and belief, Defendant Insurer Endurance has a 55% share of the $25 million primary layer of insurance.

70. Upon information and belief, Defendant Insurer AWAC has a 15% share of the $25 million primary layer of insurance.

71. Upon information and belief, Defendant Insurer Starr has a 10% share of the $25 million primary layer of insurance.

72. Upon information and belief, Defendant Insurer Zurich has a 10% share of the $25 million primary layer of insurance.

73. Defendant Insurer Interstate has a 10% share of the $125 million excess of $25 million first excess layer of insurance.

74. Upon information and belief, Defendant Insurer Starr has an 49.5% share of the $125 million excess of $25 million first excess layer of insurance.

75. Upon information and belief, Defendant Insurer Westport has a 32.5% share of the $125 million excess of $25 million first excess layer of insurance.

76. Upon information and belief, Defendant Insurer Arch has an 8% share of the $125 million excess of $25 million first excess layer of insurance.

77. Thus, considering HIT's minimum alleged damages of $53,980,000 (*see* Ex. A, Complaint ¶ 115), the alleged liability for each Defendant Insurer is as follows:

| $25 million Primary Layer | Share | Alleged Liability |
|---|---|---|
| Interstate | 10% | $2,500,000 |
| Endurance | 55% | $13,750,000 |
| AWAC | 15% | $3,750,000 |
| Starr | 10% | $2,500,000 |
| Zurich | 10% | $2,500,000 |
| **$125 million First Excess Layer** | | |
| Interstate | 10% | $2,898,000 |

| Starr | 49.5% | $14,345,100 |
| Westport | 32.5% | $9,418,500 |
| Arch | 8% | $2,318,400 |

78. As a result, the $75,000 minimum amount-in-controversy is plainly satisfied.

79. This action is therefore removed, pursuant to 28 U.S.C. § 1441(a), to the United States District Court for the Southern District of New York, which is the district and division embracing New York County, the place where the State Court Action is pending.

## OTHER MATTERS

80. Pursuant to 28 U.S.C. § 1441(b), this action is removable because no "part[y] in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

81. Here, upon information and belief, Plaintiff HIT has not served any Defendant Insurer. Thus, even though Defendant Insurers Endurance, Starr, Westport, and Zurich are citizens of New York for purposes of complete diversity, none have been "properly joined and served as defendants" in this action.

82. Therefore, 28 U.S.C. § 1441(b)(2) is not a bar to removal of this action.

83. As required by 28 U.S.C. § 1446(d), Interstate will promptly provide written notice of the filing of this Notice of Removal to Plaintiffs and file with the Supreme Court of the State of New York, New York County a copy of this Notice along with a "Notice of Removal to Federal Court."

84. No previous application has been made for the relief requested herein.

85. Should any question arise as to the propriety of this removal, Interstate requests the opportunity to brief any disputed issues and to present oral argument in support of its position.

## NON-WAIVER OF DEFENSES

86. Interstate expressly reserves all of its defenses. By removing this action to this Court, Interstate does not waive any rights or defenses available under federal or state law. Interstate expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, and this Notice of Removal is not an Answer or other response to the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

Dated: October 14, 2022
New York, New York

**DLA PIPER LLP (US)**

By: /s/ Robert C. Santoro

Robert C. Santoro (RS4242)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
robert.santoro@us.dlapiper.com

Rob Hoffman
(*pro hac vice application to be filed*)
1900 N. Pearl St., Suite 2200
Dallas, Texas 75201
(214) 743-4500
rob.hoffman@us.dlapiper.com

*Attorneys for Defendant Interstate Fire & Casualty Company*

TO:    Michael S. Levine
Hunton Andrews Kurth LLP
200 Park Avenue
New York, New York 10166
(212) 309-1170

*Attorneys for Plaintiff*

## Certificate of Service

I, Robert C. Santoro, certify that a true copy of the above Notice of Removal and all attachments thereto was sent by e-mail and first-class mail to the plaintiff's attorney of record in this action.

Dated: October 14, 2022

                                          /s/ Robert C. Santoro
                                          Robert C. Santoro